UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACQUELINE R. LARKIN,<br><br>             Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>             Defendant. | CASE NO. C17-1689 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge (Dkt. 17), Plaintiff Jacqueline Larkin's ("Larkin") objections to the R&R (Dkt. 18), and Larkin's motion for leave to file an overlength brief (Dkt. 21).

On June 22, 2018, Judge Donohue issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") denial of benefits. Dkt. 17. On July 2, 2018, Larkin filed objections. Dkt. 18. On July 13, 2018, the Government responded and noted that Larkin's objections exceeded the twelve-page limit. Dkt. 20 at 1 n.1. On July 13, 2018, Larkin filed a motion for leave to file an overlength brief requesting that the Court accept her overlength objections. Dkt. 20.[1]

---

[1] The Court grants the motion even though the objections needlessly include much of Larkin's opening brief.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Larkin objects to the R&R's recommendations regarding development of the record and the ALJ's rejection of medical testimony. First, Judge Donahue concludes that the ALJ did not err in developing the record because Larkin failed to show that any of the missing records would support the rejected medical opinions. Dkt. 17 at 9–11. Larkin objects to this conclusion and continues to argue that the ALJ has the duty to fully develop the record despite Larkin being represented by counsel and regardless of the relevance of any missing records. Dkt. 18 at 12–18. Larkin, however, cites no law for her proposed expansive scope of the ALJ's duty to develop the record. In light of Larkin's lack of authority, the Court agrees with Judge Donahue that this argument is based on nothing more than Larkin's counsel's speculation. Dkt. 17 at 11. Therefore, the Court adopts the R&R on this issue.

Second, Judge Donahue concludes that the ALJ did not err in rejecting medical evidence. Dkt. 17 at 11–16. Regarding the state agency consultants, Larkin fails to show that these consultants opined on any limitation that the ALJ rejected. Thus, the Court adopts Judge Donahue's conclusion that the ALJ need not provide reasons for giving opinions partial weight if the ALJ incorporates all of the limitations from the medical opinion. Regarding Dr. Brenda Havellana, Larkin contends that the ALJ erred by rejecting this opinion because it was based on Larkin's self-report. Dkt. 18 at 11. This,

however, was only one of the reasons the ALJ gave the opinion little weight. AR 27. The ALJ also found that the medical findings were not consistent with an opinion of severe limitations and Dr. Havellana failed to provide any narrative information or explanations for Larkin's severe limitations. *Id*. Judge Donahue relied on all three reasons to uphold the ALJ's decision. Dkt. 17 at 13–14. The Court agrees with Judge Donahue that the ALJ provided sufficient reasons to reject Dr. Havellana's opinion of severe limitations.

Therefore, the Court having considered the R&R, Larkin's objections, and the remaining record, does hereby find and order as follows:

(1) Larkin's motion for leave to file an overlength brief is **GRANTED**;

(2) The R&R is **ADOPTED**;

(3) The ALJ's decision is **AFFIRMED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 28th day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge